IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 16-cv-02513-RPM

JOSEPH CARPENTIER,

    Plaintiff,

v.

ALLIANCE FOR SUSTAINABLE ENERGY, LLC,

    Defendant.
_____

ORDER GRANTING SUMMARY JUDGMENT
_____

Alliance for Sustainable Energy, LLC ("Alliance") is the operator of the National Renewable Energy Laboratory ("NREL") in Golden, Colorado. Joseph Carpentier worked as a computer specialist with Alliance from December, 2012, until he was discharged on December 29, 2014, for job abandonment because of his failure to comply with a requirement that he provide a medical clearance from a cardiologist for his return to work after he had been sent home on November 5, 2014, as a result of a perceived medical emergency. He denied that he needed medical assistance and asserted that he was able to work at his job that day.

On April 24, 2015, Carpentier filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging as follows:

> I believe that I have been discriminated and retaliated against within the meaning of the Americans with Disabilities Act of 1990 as amended ("ADA"). I have qualifying disabilities within the meaning of the ADA and/or was perceived as having a qualified disability by the Respondent.

(Doc. 14-18).

On June 18, 2015, Carpentier filed a claim for Social Security and Supplemental Security Income ("SSI") disability benefits due to congestive heart failure. He was represented by Benjamin Kennedy of Bachus & Schanker, LLC. The alleged onset date was November 5, 2014.

On October 10, 2016, Carpentier filed the complaint initiating this civil action represented by Sara A. Green of Bachus & Schanker. The pleading asserts discrimination on the basis of his disability, his perceived disability and as retaliation against him in violation of the ADA.

The First Claim for Relief alleges that Carpentier had a qualifying disability under the ADA of which Alliance was aware as of October 8, 2014. In the Second Claim for Relief he alleged that defendant perceived him as morbidly obese and suffering from a heart condition and subjected him to disability discrimination, including failing to provide a temporary accommodation. The Third Claim for Relief alleges ADA retaliation.

After discovery was completed, Alliance filed a motion for summary judgment. A hearing was held on December 21, 2017, at which Ms. Green informed that as of that date Carpentier was on Social Security disability. Counsel for defendant advised that this was not previously known to her.

As a result this Court ordered that plaintiff's counsel provide the Social Security file. That was submitted with the Plaintiff's Supplement (Doc. 21). The first paragraph under Introduction reads as follows:

I. <u>INTRODUCTION</u>

> This is a claim for damages stemming from Defendant Alliance for Sustainable Energy's ("Alliance") discrimination towards Joseph Carpentier ("Carpentier") because of his perceived disability of morbid

obesity and his disability of heart disease, and the subsequent retaliation Carpentier experienced, in violation of the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990) ("ADA"). Because of his morbid obesity and heart issues, Alliance denied him the opportunity of working, retaliated against him, and terminated him because of his actual and perceived disability.

(Doc. 21)

A hearing on the SSI claim was held on May 9, 2017, at which Carpentier testified. He was represented by Benjamin Kennedy. The Administrative Law Judge ("ALJ") issued his written decision on July 19, 2017, finding Carpentier has been disabled since November 5, 2014, because of severe impairments of "congestive heart failure, obesity, and hyperlipidemia." The ALJ also found an impairment of anxiety disorder which was not severe but was considered in assessing residual functional capacity. The ALJ found that the claimant did not have the residual functional capacity to perform his past relevant work. (Doc. 21-1, pgs 000411-000418).

Benefits were awarded with entitlement beginning May, 2015. (Doc. 21-1, pg. 000420). In its response Alliance asserts that the doctrine of judicial estoppel requires dismissal of this action because Carpentier has taken inconsistent positions on the factual issue of his ability to perform his job on November 5, 2014. The plaintiff denies inconsistency because SSI disability does not recognize that a person with a disability may be able to perform his job with a reasonable accommodation. In *Cleveland v. Policy Management Systems Corp.,* 526 U.S. 795 (1999) the Supreme Court held that pursuit and receipt of SSDI benefits does not automatically estop a recipient from pursuing an ADA claim or create a strong presumption against recovery under the ADA because of the possibility that the employee may be able to show that she could

perform the essential functions of her job with reasonable accommodation. Accordingly a grant of summary judgment was reversed with the direction that the plaintiff should be given the opportunity to explain the inconsistent positions taken in the two forums.

At oral argument on February 7, 2017, plaintiff's counsel asserted that the accommodation Carpentier should have been given was more time to obtain clearance from a cardiologist that he could return to work at Alliance.

When he was sent home on November 5, 2014, and placed on leave Carpentier was told by Nurse McCoy that he could not return to work until he got a medical release from his doctor.

On November 10, 2014, Penny Burton, the Human Resources Director, sent plaintiff a letter, by courier, informing him that he was required to go to an appointment for a fitness for duty exam by Dr. Evan Axelrod on the following day.

Carpentier went to that appointment. Dr. Axelrod is a psychologist. He administered psychological tests. His report included "Fitness for Duty Considerations" which stated, among other things, the following:

> Mr. Carpentier should undergo a complete physical evaluation with the physician of his choice. Mr. Carpentier's physician should submit a letter to NREL confirming that he does not have any conditions that would interfere with his ability to function as an IT Specialist with the Laboratory.
>
> Mr. Carpentier should undergo a complete cardiac evaluation with the cardiologist of his choice. Mr. Carpentier's cardiologist should submit a letter to NREL confirming that he does not have any conditions that would interfere with his ability to function as an IT Specialist with the Laboratory. The letter should also confirm that Mr. Carpentier is complying with all recommended treatment and that any medication he has been prescribed will not interfere with his ability to function as an IT Specialist for the Laboratory.

(Doc. 14-11)

By letter from Burton on December 3, 2014, Carpentier was told that Alliance would require him to comply with these two recommendations by December 17, 2014. (Doc. 14-12).

By email on December 17, 2014, plaintiff told McCoy that he had not been able to see a cardiologist yet. (Doc. 14-13).

Burton sent a letter to Carpentier on December 18, 2014, noting his failure to comply with medical clearance from his physician and cardiologist and informing him that unless he complied within the next three days his absence would be unauthorized and cause for termination. (Doc. 14-14).

On December 23, 2014, Carpentier provided McCoy with a release to return to work from his primary care physician on a form stating only that conclusion. (Doc. 14-15). The form was dated November 14, 2014. He did not ask for more time to get a release from a cardiologist.

The letter terminating Carpentier's employment informed the plaintiff that because nothing further had been heard from him he was considered being absent without authorization and job abandonment for which his employment was terminated effective immediately. (Doc. 14-17).

The doctrine of judicial estoppel was discussed extensively in the opinion deciding *New Hampshire v. Maine,* 532 U.S. 742 (2001), followed by the Tenth Circuit Court of Appeals in *Eastman v. Union Pacific R. Co.,* 493 F.3d 1151 (10th Cir. 2007). Four factors are to be considered in applying the doctrine. The party's subsequent position must be clearly inconsistent with its former position, the party must have been successful in persuading a court to accept the former position, acceptance of an

inconsistent position in the later proceeding would create the perception that either the first or second court was misled and would the party asserting the inconsistent position gain an unfair advantage in the litigation if not estopped.

All four factors are present here. Joseph Carpentier is estopped from pursuing this action claiming violations of the ADA.

Even if judicial estoppel is not applied, Alliance is entitled to summary judgment of dismissal on the record presented.

The plaintiff was observed by a security officer to be having trouble breathing and was sweating on August 8, 2014. The West Metro Fire Department was called. Carpentier declined transport to a hospital. On October 31, 2014, a security officer found Carpentier lying on the ground saying he was having chest pain and had a history of heart problems. He requested an ambulance but then refused transport to a hospital. He sent emails to his supervisor on the next work day, November 3, 2014, and again on November 4, 2014, saying he could not work.

On November 5, 2014, a co-worker reported that she heard Carpentier say he had a 70% blockage in his heart and if not seen by a doctor he would most likely die within the next five days. (Doc. 14-5). In his deposition, the plaintiff denied making that statement. An ambulance was called and again Carpentier refused medical attention. At that time Nurse McCoy sent him home and told him he would need a medical release to return to work.

It would appear to be unusual for Burton to send the plaintiff to a psychologist for a fitness for duty evaluation. A medical file for plaintiff maintained by Nurse McCoy and attached as Exhibit 25 to the defendant's response to the plaintiff's supplement (Doc.

23) shows multiple work absences during his two years of employment which reasonably leads to confusion about his condition and suggests a mental or emotional impairment.

The medical records in the SSA file show extensive treatment for heart disease including hospitalization at St. Anthony Hospital from June 4, 2015, to June 12, 2015, for cardiac catherization with a discharge diagnosis of myocardial infarction with a history of 13 prior stints. (Doc. 21-1, pg. 000362).

As previously noted plaintiff's counsel has claimed both perceived disability (morbid obesity) and actual disability (heart disease) with retaliation. Assuming either as a basis for finding a violation of the ADA the defendant has shown a legitimate business reason for termination of employment–the failure to comply with the requirements of medical clearance by a cardiologist,

Upon the foregoing, it is

ORDERED that the motion for summary judgment is granted. The Clerk shall enter judgment dismissing this civil action with prejudice with an award of costs to the defendant.

DATED: February 8, 2018

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge